### Aultman v. McLean.

1. **Amendment:** REJECTION OF. There is no error in the rejection of an amendment to an answer, when the matters alleged constitute no defense to the action.

2. **Jurisdiction:** NOTICE : APPEARANCE : EVIDENCE. Where it is shown from the record that the defendant in an action was duly served with notice of the pendency thereof, evidence that he did not appear, and that the record reciting an appearance was untrue, is not admissible for the purpose of impeaching the judgment.

*Appeal from Jones District Court.*

THURSDAY, APRIL 24.

ACTION to recover real property. Neil McLean was the owner of the property, and plaintiff's debtor. A judgment was recovered for the debt, but prior thereto Neil conveyed the land to his sister, the present appellant. By a proceeding in equity, at plaintiff's instance, this conveyance was declared fraudulent. The property was then sold under execution, the creditor being the purchaser, and, relying upon this title, he brings this action. On the trial defendant objected to the action of the court in admitting and rejecting certain evidence, as also in

Aultman v. McLean.

refusing leave to amend the answer; and of these rulings she now complains in this court.

*G. Walton* for the appellant.

*J. S. Stacy* for the appellee.

WRIGHT, J. The amendment was offered while the clerk was calling the jury. It was in fact a cross-bill in 1. AMENDMENT: equity, and so denominated. By it appellant rejection of. sought to attack the decree setting aside the deed from her co-defendant to her, upon the ground that the appearance made for her and in her name was unauthorized. There is no suggestion, however, that she was not duly and legally served with notice of the pendency of that action. Indeed such service is affirmatively and conclusively shown by the record. Under such circumstances we cannot say there was error in rejecting the amendment.

The judgment and proceedings in the law action, as also the record and decree in equity, were of course com-2. JURISDICTION: petent evidence. Nothing could be more notice: appear-
ance: evidence. material to establish plaintiff's title. And it makes no difference that appellant was not a party to the first. Nor is it material whether she did or did not appear to the second; she being duly served with notice.

The offer on her part to prove that she did not appear to the second action, and that the record in that respect was untrue, was well denied; *first*, because the court had jurisdiction over her person whether she appeared or not; and, *second*, because the answer made no such issue, either directly or indirectly.

Affirmed.